UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE RILEY,<br><br>Plaintiff,<br><br>v.<br><br>N.J. STATE PAROLE BOARD, et al.,<br><br>Defendants. | Civil Action No. 15-7186(FLW)<br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by *pro se* Plaintiff George Riley's filing of a Complaint pursuant to 42 U.S.C. § 1983. This Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). (ECF No. 2.)

1. Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff alleges that Defendants New Jersey State Parole Board, Deputy Attorney General Christopher C. Josephson, counsel to the New Jersey State Parole Board, Lt. Edward Jackson, a member of the Sex Offender Electronic Monitoring Unit, and Senior Parole Officer Freer, Electronic Monitoring Unit, violated his rights under the federal and state constitutions, and under state law, when they unlawfully subjected him to GPS monitoring and supervision under the Sex Offender Monitoring Act ("SOMA"), beginning in August 2009. (ECF No. 1, Compl. at ¶16.) Plaintiff allegedly challenged the Parole Board decision subjecting him to SOMA, but was forced to wear the GPS monitoring device and comply with other conditions of SOMA during the pendency of his appeals, as his failure to comply would constitute a third-

degree crime.  (*Id.* at ¶¶ 18, 34.)  Plaintiff ultimately prevailed in the Appellate Division and the Supreme Court of New Jersey, which both found the application of SOMA to Plaintiff to be a violation of the Ex Post Facto clauses of the United States and New Jersey Constitutions.  Plaintiff now sues for damages and unspecified equitable relief under § 1983.[1]

3.   This Court has screened the Complaint in this action for dismissal and finds that the § 1983 claims should not be dismissed at this time[2] as to Defendants James Plousis, Lt. Edward Jackson, and Senior Parole Officer Freer in their personal capacities.[3]

4.   The Court, however, will dismiss <u>with prejudice</u> Plaintiff's § 1983 claims against the New Jersey State Parole Board.  "As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute."  *Randolph v. New Jersey State Parole Office*, No. CIV.A. 07-376 (RMB), 2007 WL 1521189, at *2-3 (D.N.J. May 21, 2007) (citing *Edelman v. Jordan*,

---

[1] It appears that Plaintiff's Complaint alleges that Defendants' imposition of the SOMA monitoring and supervision requirements violated (1) his right to be free from retroactive punishment under the *Ex Post Facto* clauses of the Constitution, (2) the Eighth Amendment prohibition against cruel and unusual punishment; (3) his due process liberty interests under the Fourteenth Amendment, (4) his First Amendment rights of association or travel, (5) his Fourth Amendment's right to be free of unreasonable searches; and (6) his right to equal protection of the laws.  The Court need not determine at this time which rights have been violated, but finds that Plaintiff has alleged sufficient facts to permit his Complaint to proceed.

[2] Plaintiff also asserts a number of pendant state law claims.  In Count V of the Complaint, Plaintiff alleges that Defendants' conduct violated his rights under the New Jersey Civil Rights Act ("NJCRA"), which is New Jersey's corollary to § 1983.  For purposes of this Memorandum, the Court assumes that to the extent Plaintiff states claims for relief under § 1983, he would also state claims for relief under the NJCRA.  The Court also permits Plaintiff's state law negligence claim against Defendant Plouis and his *respondeat superior* claim against the New Jersey State Parole Board to proceed at this time, subject to continued viability of his federal claims.

[3] The Court also makes no determination at this time as to whether the Defendants are entitled to qualified immunity because the rights at issue were not clearly established at the time of the alleged violation(s).

415 U.S. 651, 663 (1974)).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  *Id.* (citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984)).  Section 1983 does not override a state's Eleventh Amendment immunity.  *Id.* (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).  In addition, the New Jersey State Parole Board is not a "person" subject to suit under 42 U.S.C. § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68-70 (1989) (holding that States and governmental entities considered "arms of the State" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983).  Therefore, the Complaint will be dismissed <u>with prejudice</u> as to the New Jersey State Parole Board.

5.     It also appears from his Complaint that Plaintiff has sued the individual Defendants in their official and personal capacities.  As such, the Court will also dismiss <u>with prejudice</u> the official capacity claims for damages against the individual Defendants because a suit against a state official named in his official capacity is a suit against the entity he represents.  *See Hafer v. Melo*, 502 U.S. 21, 27 (1991).

6.     Finally, in Count VII, Plaintiff alleges a "Monell policy claim under 1986" against the New Jersey State Parole Board, DAG Josephson, and Plouis.  (*Id.* at ¶¶ 43-44.)  In Count VII, Plaintiff alleges that these Defendants,

> did have in effect at all times material to this complaint, unconstitutional policies, practices, like not promulgating the rules and policies for the Sex Offender Program, including those related to the hiring, training, direction, and supervision of the aforementioned Defendant employees of the Defendant New Jersey State Parole Board, which directly and proximately caused the injuries, pain, suffering, mental anguish, and constitutional violations to Plaintiff, alleged in paragraphs 13-26 above, may fairly be said to represent policy and therefore those acts are directly chargeable to said Defendant State Parole Board under 42 U.S.C. [§] 1983, <u>Monell</u> liability.

3

Under § 1983, a <u>municipality</u> may be held liable when it causes a constitutional violation through the implementation of a policy, custom, or practice. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978) (emphasis added); *see also Adamo v. Jones*, No. CV 15-1073 (MCA), 2016 WL 356031, at *11 (D.N.J. Jan. 29, 2016) (explaining same and dismissing *Monell* claim against New Jersey State Parole Board). Here, as explained above, the Court has already dismissed the § 1983 claims against the New Jersey State Parole Board, because (1) it is an arm of the State that has Eleventh Amendment immunity from suit and (2) is not a person for purposes of § 1983. For these reasons, and because it is not a municipality, the New Jersey State Parole Board is not subject to *Monell* liability under §1983, and the Court will dismiss Count VII <u>with prejudice</u> as to this Defendant. The Court will dismiss Count VII <u>without prejudice</u> as to DAG Josephson and/or James Plouis as it is possible that Plaintiff may be able to provide facts stating a § 1983 claim against these state Defendants in their individual supervisory capacities.[4]

**IT IS** therefore on this 14th day of July, 2017,

**ORDERED** that the § 1983 claims, including the *Monell* claim, against the New Jersey State Parole Board are dismissed WITH PREJUDICE; and it is further

**ORDERED** that § 1983 claims for damages against the individual Defendants in their official capacities are dismissed WITH PREJUDICE; and it is further

**ORDERED** that Count VII is dismissed WITHOUT PREJUDICE as to Defendants Josephson and Plousis; and it is further

---

[4] It appears that Defendant DAG Jacobson's involvement in the matter was limited to his interpretation of SOMA and his representation of the New Jersey Parole Board, and that he was not otherwise personally involved in requiring Plaintiff to wear the GPS monitoring device, which is the gravamen of Plaintiff's Complaint. The Court also does not construe Plaintiff to allege any state law claims against this Defendant.

4

**ORDERED** that Plaintiff may submit an Amended Complaint within 30 days with respect to the claims that the Court has dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court is instructed to terminate Defendant Josephson from the docket as there are presently no live claims against this Defendant; and it is further

**ORDERED** that the Complaint shall otherwise PROCEED at this time; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[5]; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a)

---

[5] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[6]; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file.

    s/Freda L. Wolfson
Freda L. Wolfson
United States District Judge

---

[6] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.